Judge Owsley
delivered the opinion of the court.
This is an appeal from a judgment of the court below, rendered against the appellants upon the verdict of a jury found against them in an ejectment which they brought in that court against the appellees.
The only question presented for the decision of this court, involves the propriety of the refusal of that court to grant a new trial upon the motion of the appellants, made on the ground of the verdict being contrary to evidence.
The appellees not pretending that their claim was derived from a patent prior in date to that exhibited by the appellants, and under which they asserted the superior right, *439 it became material, on the trial of the issue, for the appellants barely to prove that the land in contest is included within their patent. And this we apprehend was sufficiently done; for there appears not only to be an appropriate coincidence between the objects called for in the patent, and those delineated upon the connected plat, but the presump tion arising from that coincidence is moreover increasetl by the parol evidence of the surveyor, who made out the connection in this cause.
B. Hardin for appellant.
The coin* cidenceofob. jects found on the land, with those called for in the patent, is sufficient to justify a find-mg for a pl’tf in ejectment.
Tho’ the lines and cow ners of a sur. vey were originally marked by an unau. thorised surveyor: yet if a deputy af-terwards reports them, the fair inference is, that the deputy had gone on the lands,and had recogni-sed the boun. dary as marked.
The objects delineated upon the connected plat, and shewing this coincidence, it is true, is proven by the person making them, to have been marked by him whilst he was not a legally authorised surveyor, but after having done so, be furnished the field notes to one of the appellants prior to the date of the survey upon which the patent purports to have issued.
This evidence we do not, however, suppose is calculated either to repel or impugn that which had been previously introduced.
For even if an irregularity in the execution of the survey (but which we would not be understood as conceding) could repel the appellants’ recovery, the circumstances detailed by the witness in relation to his marking the boundary, (as the legally authorised surveyor may thereafter have went upon the land and recognized the boundary,) ought not to have that effect.
Nor do we suppose those Circumstances, upon any fair construction, should be understood as affording any evidence against the presumption of identity resulting from the coincidence of the objects delineated upon the plat, and those called for in the patent. For although marked by a person without legal authority, yet as notes of the boundary is shewn to have been furnished by him to one of the appellants, the most natural inference is, that the coincident boundary described in the patent, embraces the same objects.
We are of opinion, therefore, that the verdict of the jury is not warranted by the evidence, and that the court below ought to have awarded a new trial.
The judgmentitnust consequently be reversed with cost, the cause remanded, and further proceedings had not inconsistent with this opinion.